NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12282


JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 209081  vs.  SEX
OFFENDER REGISTRY BOARD.



Middlesex.     September 5, 2017. - December 6, 2017.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.



Sex Offender.  Sex Offender Registration and Community
Notification Act.  Administrative Law, Rehearing,
Proceedings before agency, Regulations.  Regulation.
Waiver.




Civil action commenced in the Superior Court Department on
August 3, 2015.

A motion to dismiss was heard by Peter B. Krupp, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Rebecca Rose for the plaintiff.
David L. Chenail for the defendant.
Elizabeth Caddick, for Committee for Public Counsel
Services, amicus curiae, submitted a brief.


BUDD, J.  In 2008, the Sex Offender Registry Board (board),

after a hearing, classified the plaintiff, John Doe, as a level

three sex offender.  Doe did not appeal from that decision.

Over six years later, he sought to reopen his classification

hearing, contending that the board violated his procedural due

process rights when it went forward with his hearing without

ensuring that his waiver of counsel was knowing and voluntary.

When the board summarily denied his petition for rehearing as

untimely, he filed a complaint in the Superior Court seeking

review.  A Superior Court judge granted the board's motion to

dismiss the petition, and the plaintiff appealed.  We

transferred the case to this court on our own motion.

We conclude that the board did not abuse its discretion in

denying the plaintiff's petition to reopen his classification

hearing where the petition, which was filed six years after the

board's final decision, did not adequately explain the delay and

did not allege prejudice.[1]  Although we do not reach the

plaintiff's due process claim, we caution that pursuant to the

board's own regulations, the board must ensure that sex

offenders who choose to represent themselves at classification

---

[1] We note that we consider here solely the question whether
the board abused its discretion in declining to reopen the
plaintiff's hearing.  We have no jurisdiction to review the
classification decision itself, as the plaintiff failed to file
a complaint in the Superior Court within thirty days of
receiving notice of the board's decision in December of 2008.
See G. L. c. 6, § 178M; G. L. c. 30A, § 14 (1).  See also School
Comm. of Franklin v. Commissioner of Educ., 395 Mass. 800, 809
n.8 (1985).

hearings "knowingly and voluntarily" waive their statutory right to counsel.[2]  See 803 Code Mass. Regs. § 1.09(5) (2016).

Background.  On two different dates in 2008, the plaintiff pleaded guilty to one count of indecent assault and battery on a person over fourteen, and to two counts of rape and abuse of a child.[3]  In June, 2008, while the plaintiff was incarcerated for the first conviction, the board notified him of his duty to register with the board as a sex offender and preliminarily classified him at level three.[4]  The plaintiff requested a

---

[2] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services.

[3] The plaintiff received a sentence of two and one-half years in a house of correction with one year to serve and the balance suspended with three years' probation on the former conviction, and two and one-half years committed from and after that sentence with five years' probation on the latter convictions.

[4] The Sex Offender Registry Board (board) classifies sex offenders within a system of three different levels based on risk of reoffense and degree of dangerousness, with level one representing the designation for offenders presenting the least serious risk of reoffense and level of dangerousness and level three for those presenting the most serious.  See G. L. c. 6, § 178K (2).  The board begins with a preliminary recommended classification.  See G. L. c. 6, § 178L (1); 803 Code Mass Regs. § 1.06(3) (2016).  Any offender who disagrees with the recommended classification may request a de novo evidentiary hearing conducted by a board member, a panel of three board members, or a hearing examiner.  See G. L. c. 6, § 178L (2); 803 Code Mass. Regs. §§ 1.06(4), 1.08, 1.14 (2016).  If no such request is made, the board's recommended classification decision becomes its final classification determination.  See G. L. c. 6, § 178L (1).  Where a sex offender does request a hearing, a board attorney and the sex offender may both present evidence at

hearing to challenge the board's classification recommendation by filling out a form provided by the board.  On that form, he checked a box indicating that he would represent himself at the hearing.

At the October, 2008, hearing, however, the plaintiff refused to sign a waiver of counsel form and told the hearing examiner that, in fact, he did not wish to appear without counsel.  The plaintiff indicated that he had expected that his criminal defense attorney would be present, and that there had been a misunderstanding regarding his representation.  The hearing examiner treated the plaintiff's statements as a motion to continue the hearing so that the plaintiff could obtain an attorney, but denied the motion based on the plaintiff's initial indication, on the written board form, that he would represent himself.[5]  The plaintiff did not offer any evidence during the

_____

it, and the sex offender is entitled to be represented by counsel; the board must provide notice to the sex offender that if he or she is indigent, he or she has a right to have counsel appointed.  See G. L. c. 6, § 178L (2); 803 Code Mass. Regs. §§ 1.09, 1.18 (2016).  At the conclusion of the hearing, a board member, board panel, or hearing examiner issues a written decision that determines the sex offender's final classification level and sets out the findings on which the classification determination was based.  See G. L. c. 6, § 178K; 803 Code Mass. Regs. §§ 1.20, 1.33 (2016).  A sex offender has a right to seek judicial review of the final classification decision in accordance with G. L. c. 30A, § 14.  See G. L. c. 6, § 178M.

[5] The hearing examiner seemed to acknowledge at least some confusion on the part of the plaintiff about the right to

hearing.  In a decision issued on November 18, 2008, the hearing examiner ordered the plaintiff to register as a level three sex offender based on the evidence introduced by the board.

The plaintiff waited more than six years, until after he had completed his criminal sentence, including five years of probation, to file in June, 2015, a petition to reopen the initial classification hearing with the board.  In the petition, plaintiff claimed that the hearing examiner's actions during the 2008 proceeding deprived him of his due process rights and violated the board's regulations.  Specifically, the plaintiff contended that he had had insufficient time to prepare for the hearing, and that the hearing examiner failed to telephone the plaintiff's criminal defense attorney or postpone the hearing after becoming aware that the plaintiff was confused without his attorney.  Further, the plaintiff claimed that it was error for the hearing examiner to proceed with the hearing and issue a decision despite his refusal to sign a statement acknowledging that he knowingly and voluntarily waived his right to counsel.

The board summarily denied the plaintiff's petition to reopen on the grounds that it was untimely and the plaintiff had (initially) indicated that he would represent himself.  The plaintiff timely filed in the Superior Court a complaint for

counsel.

judicial review of the board's denial of his petition.  See

G. L. c. 30A, § 14 (1).  In response, the board filed a motion

to dismiss the complaint, which a Superior Court judge allowed.[6]

The plaintiff appealed, and we transferred his appeal to this

court on our own motion.

Discussion.  1.  The board's denial of the plaintiff's

request to reopen the classification hearing.  The board has

inherent authority to reopen a classification proceeding and

reconsider its decision at any time, by motion of the sex

offender or by the board's own motion.  Soe, Sex Offender

Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass.

381, 395-396 (2013) (Soe).  One reason the board may decide to

reconsider a sex offender's classification level after it has

become final is to prevent or mitigate a miscarriage of justice.[7]

---

[6] We note that a timely claim for judicial review of an agency's decision should be resolved through a motion for judgment on the pleadings rather than a motion to dismiss the plaintiff's claim.  See Crowell v. Massachusetts Parole Bd., 477 Mass. 106, 109-110 (2017).

[7] In Soe, we noted that a miscarriage of justice may occur for many reasons, including when the board substantially relies on evidence that was later demonstrated to be false.  Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 395 (2013) (Soe).  "In such cases, the sex offender's claim is not that he has become less sexually dangerous since his classification hearing because of a change in circumstances over the past three years, but that he was less sexually dangerous than his classification level reflected at the time of the hearing because the hearing examiner rested the classification decision on evidence that subsequently was

Id. at 394-395.  The board's broad inherent authority in this area is "reviewable only for an abuse of discretion."  Id. at 396.  We note that "[i]n general, administrative agencies have broad discretion over procedural aspects of matters before them."  Zachs v. Department of Pub. Utils., 406 Mass. 217, 227 (1989).  When reviewing an agency's decision for abuse of discretion, we look to see whether the decision was reasonable.  See Soe, supra at 392-393; Zachs, supra at 228; Massachusetts Elec. Co. v. Department of Pub. Utils., 376 Mass. 294, 307-308 (1978).

An agency's inherent power to reopen proceedings "must be sparingly used if administrative decisions are to have resolving force on which persons can rely."  Soe, 466 Mass. at 395, quoting Stowe v. Bologna, 32 Mass. App. Ct. 612, 616 (1992).  See Alliance to Protect Nantucket Sound, Inc. v. Department of Pub. Utils. (No. 2), 461 Mass. 190, 195 (2011) (noting that party seeking to reopen proceedings "must demonstrate compelling circumstances").  While each agency's decision to reopen a proceeding must be considered in the specific context of the circumstances presented and statutory scheme involved, factors generally to be weighed by the agency include the advantages of preserving finality, the desire for stability, the degree of

affirmatively shown to be erroneous."  Id.

haste or care in making the first decision, timeliness, and the specific equities involved. See 2 K.C. Davis, Administrative Law Treatise § 18.09, at 607 (1958), cited in Aronson v. Brookline Rent Control Bd., 19 Mass. App. Ct. 700, 706 (1985).

Here, we agree with the Superior Court judge that the board did not abuse its discretion in denying the plaintiff's petition to reopen the hearing.[8] First, the plaintiff has failed to explain adequately his six-year delay in responding to the board's classification decision. The hearing examiner informed the plaintiff that he had thirty days from the receipt of the board's decision to seek judicial review of that decision. The hearing examiner further suggested that the plaintiff should consult an attorney regarding his appellate rights. In addition, the board's final classification decision included notice in three places, in bold and all capitalized print, that he had thirty days to appeal that decision to the Superior Court. Despite the plaintiff's claim that he mistakenly believed that he could not pursue an appeal of the board's classification decision until after he completed his sentence, the repeated references to the thirty-day deadline for filing an

---

[8] The judge erroneously suggested that the board lacked the authority to reopen the hearing. See Soe, 466 Mass. at 395-396. However, the judge concluded further that the board's denial of the plaintiff's petition was justified on alternative grounds, i.e., that the board did not abuse its discretion in denying that petition because the petition was not timely.

appeal provided more than adequate notice that, at the very least, he needed to explore his appeal options in a more timely way.

Second, although it is apparent that the board failed to ensure that the plaintiff knowingly and voluntarily waived his right to be represented by counsel at his classification hearing, the plaintiff failed to articulate in any manner how he was prejudiced by the error. The plaintiff's petition does not include an affidavit or, indeed, any mention of specific facts or mitigating circumstances that, if represented by counsel, he would place before the board at a reopened hearing that could lead it to reconsider its decision.[9] See Matter of Powers, 465 Mass. 63, 81 (2013) (concluding that respondent was not prejudiced because of denied request to appear before regulatory body where he "provided no proffer of what he or his attorney would have said to the [body] had his request for an appearance been honored"); Martorano v. Department of Pub. Utils., 401

_____

[9] The plaintiff's motion to reopen the initial classification hearing does contain the following statement in paragraph 20: "[The plaintiff] had mitigating circumstances and evidence to bring to the hearing which he did not present, as appears from the [t]ranscript, relying on his attorney to handle the case." However, neither in the petition nor on appeal has the plaintiff described any of the mitigating circumstances or evidence to which he referred. Cf., e.g., Commonwealth v. Rosario, 477 Mass. 69, 73, 80-81 (2017) (motion judge did not abuse discretion in granting new trial approximately thirty years after defendant's conviction where defendant's motion cited newly discovered evidence).

Mass. 257, 262 (1987) ("There must be some showing of prejudice before an agency's disregard of its own rules may constitute reversible error").

Finally, the sex offender registration system administered by the board provides a plaintiff with the right to a new reclassification proceeding. 803 Code Mass. Regs. § 1.31 (2016). The plaintiff notes correctly that, under the board's regulations, the burden to prove a sex offender's classification level shifts from the board in an initial classification hearing to the sex offender in a reclassification hearing. See 803 Code Mass. Regs. §§ 1.10, 1.37C(2) (2004); 803 Code Mass. Regs. §§ 1.14(1), 1.31(1) (2016). However, the existence of this reclassification mechanism is an additional factor specific to the board's regulatory scheme weighing in favor of the agency's decision to reject his request to reopen his initial classification proceeding six years after it had concluded.

That judicial review of both the board's final classification and its reclassification decisions is subject to the timing constraints of G. L. c. 30A, § 14, and G. L. c. 6, § 178M, reflects a legislative acknowledgement that there is value in finality of sex offender classification proceedings. See G. L. c. 6, § 178M (requiring offenders to seek review of board decisions within thirty days, under G. L. c. 30A, § 14, and requiring completion of judicial review within sixty days).

Although the public's interest in such finality does not trump an interest in rectifying a miscarriage of justice, here, because the plaintiff failed to show prejudice, it was not unreasonable for the board to conclude that finality and timeliness outweighed the plaintiff's interest in reopening the proceedings. Given the circumstances, the board's denial of the plaintiff's petition to reopen his classification hearing was not an abuse of discretion.

2. Right to counsel in Sex Offender Registry Board classification proceedings. Because we conclude that in the circumstances of this case, the board did not abuse its discretion in declining to reopen the plaintiff's classification proceeding, we do not reach the plaintiff's claim that his right to counsel at the hearing was denied. That being said, it is clear from the record that the hearing examiner required the plaintiff to proceed pro se despite concluding that the plaintiff wanted to be represented by counsel. We therefore make the following observations.

"[A] sex offender is . . . entitled by statute to request an evidentiary hearing to challenge the board's recommended classification, to be represented by counsel at that hearing and to have counsel appointed if he is indigent." Doe, Sex Offender Registry Bd. No 941 v. Sex Offender Registry Bd., 460 Mass. 336,

339 (2011). See G. L. c. 6, § 178L.[10] The Legislature has granted the board broad authority to promulgate rules and regulations providing for evidentiary hearings in accordance with G. L. c. 6, § 178L. See G. L. c. 6, § 178D; St. 1999, c. 74, § 16. If an offender decides to represent himself or herself at the hearing, the board, by regulation, provides that "[t]he [h]earing [e]xaminer shall require the offender to sign a statement, or affirm under oath in the case of video-conference hearings, that he or she has been informed of his or her right to have representation and that he or she has <u>knowingly and voluntarily</u> waived that right" (emphasis added). 803 Code Mass. Regs. § 1.09(5). See 803 Code Mass. Regs. § 1.14(1) (2002) (imposing similar requirement in earlier promulgated regulation). At a minimum, the board is expected to follow its own regulations.[11] <u>Royce</u> v. <u>Commissioner of Correction</u>, 390

---

[10] In <u>Poe</u> v. <u>Sex Offender Registry Bd</u>., 456 Mass. 801, 811 (2010), we concluded that "sex offenders are entitled to the effective assistance of counsel at classification hearings and that the civil formulation of the <u>Saferian</u> standard governs claims of ineffectiveness." See <u>Commonwealth</u> v. <u>Saferian</u>, 366 Mass. 89, 96 (1974).

[11] In this case, the hearing examiner seemingly did the opposite of what we expect would be required for the plaintiff to have "knowingly and voluntarily" waived counsel pursuant to the board's regulation. See 803 Code Mass Regs. § 1.09(5). After the plaintiff refused to sign the required form, the hearing examiner confirmed that the plaintiff wanted to be represented by counsel, and then refused to continue the hearing to allow for such representation. At oral argument, counsel for

Mass. 425, 427 (1983).

At oral argument, the board's counsel indicated that pursuant to the board's current practice when an offender attends his or her classification hearing without counsel, the board engages in a colloquy with the offender to ensure that the offender is giving up his or her right to counsel knowingly, intelligently, freely, and voluntarily. The colloquy addresses the offender's right to counsel and the potential ramifications of classification, regardless of any initial indications that the offender would represent himself or herself. Further, under current practice, the board's hearing examiners must continue an offender's classification hearing if at any point during the hearing the offender determines that he or she would like to be represented by counsel, providing the offender with the opportunity to obtain counsel. These practices appear to satisfy the requirement that the board ensure that any waiver of counsel is knowing and voluntary. See 803 Code Mass. Regs. § 1.09(5). We recommend that they continue.

3. Conclusion. For the reasons stated above, we remand the case to the Superior Court for entry of a judgment affirming the board's decision denying the plaintiff's petition to reopen the initial classification hearing.

---

the board acknowledged that the hearing examiner in the plaintiff's case erred.

So ordered.

GANTS, C.J. (dissenting, with whom Lenk, J., joins).  In 2013, we declared in Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 395 (2013) (Soe), that the Sex Offender Registry Board (board) "has the inherent authority to reconsider a decision or reopen a proceeding to prevent or mitigate a miscarriage of justice."  We also declared that the board's decision not to exercise such authority is reviewable for an abuse of discretion.  Id. at 396.  Where, as here, the plaintiff petitioned to reopen his initial classification hearing on the ground that he was required to proceed without counsel despite his refusal to make a knowing and voluntary waiver of that statutory right at the hearing, I believe that it is an abuse of discretion for the board to deny the petition without deciding whether reopening the hearing is necessary to prevent or mitigate a miscarriage of justice. Because the board failed to reach that decision, and because the plaintiff made a substantial claim that he suffered a miscarriage of justice at the initial classification hearing, I would reverse the Superior Court judge's allowance of the board's motion to dismiss the complaint for judicial review, and remand the matter to the judge, directing that he remand the plaintiff's petition to the board.  Consequently, I respectfully dissent.

The material facts in this appeal are not in dispute.  When

the plaintiff requested a hearing on the board's initial classification of him as a level three sex offender, he checked the box that read, "I will represent myself at the hearing." At the time he checked this box on July 11, 2008, the plaintiff was serving a sentence in a house of correction after pleading guilty to one count of indecent assault and battery on a person over fourteen years of age, and was represented by counsel in a pending criminal case. At the classification hearing, the plaintiff appeared without counsel. The plaintiff, when advised of his rights by the hearing examiner, refused to sign the written waiver of his right to counsel, and told the hearing examiner, "I don't want to waive my [right to] counsel."[1] The hearing examiner understood that the plaintiff wished to have an attorney appointed or to retain his own attorney, but denied the request and proceeded with the hearing. The board offered in evidence the classification report and its five attachments, and rested its case. When asked by the hearing examiner whether he intended to present evidence, the plaintiff replied, "I'm not sure what evidence I need to present to the [b]oard." He offered no evidence in his defense.

---

[1] The plaintiff later explained to the hearing examiner that he thought his criminal attorney would represent him at the hearing, stating, "[W]hen I had my lawyer present, I was told not to waive [my right to counsel] because that's something he would take care of."

The board concedes that the hearing examiner "blew it" when he refused to continue the hearing to allow the plaintiff to obtain counsel. At the time of the hearing, the board's regulations provided that a sex offender may represent himself at the hearing only after the offender signs a statement declaring that "he knowingly and voluntarily has waived" his right to counsel. 803 Code Mass. Regs. § 1.14(1) (2002).

The plaintiff, although notified of his right to appeal from the board's final determination that he was a level three offender, did not timely seek judicial review of that determination. In 2015, after completing his incarceration and term of probation, the plaintiff petitioned the board to reopen his classification hearing because he had been denied his right to counsel. The board denied the plaintiff's petition on two separate grounds: first, because the classification hearing had been conducted more than six years earlier; and second, because the plaintiff had "indicated he would represent himself" -- a reference, apparently, to the fact that the plaintiff had checked the box waiving his right to counsel when he requested the hearing.

The plaintiff filed a complaint for judicial review of the board's denial of his petition. The Superior Court judge in 2016 allowed the board's motion to dismiss the complaint, concluding that "[the b]oard's regulations do not authorize a

petition to the hearing examiner to reopen a hearing or conduct a new hearing once a decision is final." The judge's conclusion was factually accurate but an error of law.  Although the board's regulations do not specifically countenance petitions for reconsideration or reopening of a hearing, this court had declared in 2013 in Soe, 466 Mass. at 395, that the board retains the inherent authority to reconsider a decision or reopen a proceeding to prevent or mitigate a miscarriage of justice.

The judge also stated an alternative ground for the dismissal:  that the board did not abuse its discretion in denying the petition because the petition was not timely, given the delay of more than six years.  This, too, was an error of law, because the public interest in finality is not so great that it justifies the failure to rectify a miscarriage of justice.

"Although the public's interest in . . . finality . . . is weighty, it is not always paramount."  Commonwealth v. Randolph, 438 Mass. 290, 294 (2002).  In the criminal context, we have long recognized the "fundamental principle . . . that, if it appears that justice may not have been done, the valuable finality of judicial proceedings must yield to our system's reluctance to countenance significant individual injustices."  Commonwealth v. Brescia, 471 Mass. 381, 388 (2015).  See, e.g.,

Commonwealth v. Rosario, 477 Mass. 69, 70, 78, 81 (2017) (affirming order granting new trial based on "substantial risk of a miscarriage of justice" approximately thirty years after defendant's conviction); Commonwealth v. Azar, 435 Mass. 675, 689-690 (2002) (remanding criminal case for new trial based on "substantial risk of a miscarriage of justice," notwithstanding defendant's six-year delay in filing postappeal motion for new trial). That principle applies with equal force to the board's risk classification proceedings, where -- as we have recently reiterated -- important liberty and privacy interests are at stake. See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 311 (2015). See also Doe, Sex Offender Registry Bd. No. 972 v. Sex Offender Registry Bd., 428 Mass. 90, 100-101 (1998) (Doe No. 972). Classification as a sex offender is "a continuing, intrusive, and humiliating regulation of the person," Doe v. Attorney Gen., 426 Mass. 136, 149 (1997) (Fried, J., concurring), with severe collateral consequences, often "cast[ing] a continuing shadow of further criminal sanctions and possible reincarceration." Doe No. 972, supra at 106 (Marshall, J., concurring in part and dissenting in part).

Indeed, the interest in finality is considerably less weighty in a sexual risk classification proceeding than in a criminal case. In a criminal case, the issue is whether a

defendant committed a crime in the past with the intent required for that crime. In a risk classification proceeding, the issue is whether a person at the present time poses so substantial a risk of sexual recidivism that he or she should be classified a level one, two, or three sex offender. The purpose of the classification is not to punish or condemn for past crimes, but to protect the public from the risk of the sex offender committing future crimes. The plaintiff here, in a proceeding where he was denied his right to counsel, was classified as a level three sex offender and has suffered the consequences of that classification for the past nine years. In contrast with a criminal conviction, however, such a classification is never final; it is always subject to change over time as the person's risk of sexual recidivism changes, as it often does with age. See 803 Code Mass. Regs. § 1.31(1) (2016) ("The [b]oard recognizes the risk to reoffend . . . posed by a sex offender may decrease over time"); Doe, Sex Offender Registry Bd. No. 7083 v. Sex Offender Registry Bd., 472 Mass. 475, 483 (2015) ("[The board must] base its classification determinations on a sex offender's 'current' risk to the community, in order to protect the offender's right to due process"). See also Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 622-623 (2010) (board's failure to consider evidence of offender's age in classification determination was

"arbitrary and capricious").

Moreover, the concerns that in the past have typically weighed in favor of finality -- the deterioration of evidence, the need to resummon witnesses, the cost and time associated with readjudication, see Commonwealth v. Amirault, 424 Mass. 618, 637 (1997) -- are present in a criminal case but largely absent in the context of a classification hearing. Here, the board simply offered in evidence the classification report and its related attachments, and rested. During oral argument, the board admitted that this is the norm in classification hearings.[2] Where the administrative burden of reopening a proceeding is minimal, as here, the need for finality is correspondingly limited.

At a minimum, before finality is allowed to trump the demands of justice, an administrative agency (and, on review, a judge) must first evaluate whether there was a miscarriage of justice and balance the importance of rectifying or mitigating that miscarriage against the public interest in finality. The board did not do that here; to the extent that it even considered whether there was a miscarriage of justice, it erred

---

[2] When asked what evidence the board would present if the plaintiff's hearing were to be reopened, counsel for the board stated: "Honestly, in the twelve years that I've been with the [board], I don't think I've ever called a witness. It's basically the documentary evidence."

by focusing solely on the plaintiff having checked the box regarding the waiver of counsel before the hearing, while ignoring the plaintiff's refusal to make a knowing and voluntary waiver at the hearing when the board's own regulation required just such a waiver.

Certainly, a more searching inquiry is necessary where the board concedes, as it does here, that the plaintiff was denied his statutory right to counsel. See G. L. c. 6, § 178L. In Poe v. Sex Offender Registry Bd., 456 Mass. 801, 812 (2010), we held that a sex offender's statutory right to counsel at a classification hearing implies a right to effective counsel. We concluded that, "[i]n light of the serious ramifications of erroneous classification, the principle of fundamental fairness that underlies the statutory entitlement to counsel would be ill-served if sex offenders were afforded something less than what we usually refer to as the effective assistance of counsel." Id. at 813. Where the performance of counsel at a classification hearing "fall[s] measurably below that which might be expected from an ordinary fallible lawyer," id. at 812, quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), we order a new hearing where the plaintiff proves prejudice, that is, "a 'reasonable probability' that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Poe, supra at 813, quoting Commonwealth v.

Mahar, 442 Mass. 11, 15 (2004).  Here, the plaintiff was not denied his right to the effective assistance of counsel; he was denied his right to any assistance from counsel, in violation of statute (§ 178L) and of the board's own regulation (803 Code Mass. Regs. § 1.14[1]).

The court essentially concludes that the standard for reopening a classification hearing is the same for an individual who received the ineffective assistance of counsel as for an individual who was denied the right to counsel altogether, even though we have recognized that classification as a sex offender implicates a "constitutionally protected liberty . . . interest."  Doe No. 972, 428 Mass. at 100.  Where a liberty interest is at stake, we have never before equated the two situations; we have always recognized that the denial of the right to counsel itself, unlike the ineffective assistance of counsel, is a structural error requiring a new trial because prejudice must be presumed.  See, e.g., Commonwealth v. LaChance, 469 Mass. 854, 859 (2014), cert. denied, 136 S. Ct. 317 (2015) (distinguishing between "circumstances where the essential right to the assistance of counsel itself has been denied," and prejudice is presumed, and "circumstances where ineffectiveness is based on '[a]n error by counsel,'" where prejudice must be shown [citation omitted]).  In criminal cases, it is without question that the denial of counsel is so

"inherently unfair" that it "require[s] no showing of prejudice to warrant reversal." Commonwealth v. Valentin, 470 Mass. 186, 194 (2014). See Commonwealth v. Means, 454 Mass. 81, 88-89 (2009) ("Because the right to the assistance of counsel is essential to individual liberty and security, . . . its erroneous denial can never be treated as harmless error"). And in the context of civil proceedings, too, our appellate courts have held that the denial of counsel is so "presumptively harmful" -- and its consequences so "pervasive, undetectable, and immeasurable" -- that justice requires new proceedings. Adoption of Gabe, 84 Mass. App. Ct. 286, 293-294 (2013) (ordering new trial on termination of parental rights).

"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have" (citation omitted). United States v. Cronic, 466 U.S. 648, 654 (1984). Here, it is apparent from the record that without counsel the plaintiff received a classification hearing in form only; in substance, he had no meaningful opportunity to challenge the board's evidence. Unlike other errors that may require a showing of prejudice, the denial of counsel -- in violation of the plaintiff's statutory right -- creates "a serious risk of injustice" that must be weighed against any interest in finality. Id. at 656, quoting Cuyler v. Sullivan,

446 U.S. 335, 343 (1980).

Nor, where the plaintiff has been denied his statutory right to counsel, is it reasonable to deny rehearing because he failed timely to seek judicial review of his classification. We have held that failure to file a timely notice of appeal constitutes ineffective assistance of counsel where the defendant would have prevailed on appeal. See Commonwealth v. Patton, 458 Mass. 119, 129 (2010), citing Commonwealth v. Cowie, 404 Mass. 119, 122 (1989) (failure to timely appeal probation revocation was ineffective assistance of counsel). Here, there can be no doubt that, if the plaintiff had timely sought judicial review of his classification, he would have prevailed in obtaining a new hearing based on the denial of his right to counsel. He should not be left without an adequate remedy merely because he was unable, while incarcerated and without the assistance of counsel, timely to recognize that he had been denied his right to counsel.

Nor can it reasonably be expected that, given the passage of time, justice can now be served by the plaintiff's eligibility to request a reclassification hearing. Under the current board regulations, the plaintiff would bear the burden at such a hearing to demonstrate by clear and convincing evidence that his or her risk of sexual recidivism has decreased since the final classification. 803 Code Mass. Regs.

§ 1.31(2)(c) (2016).[3]  This is a far cry from the standard that would apply were he to be given a new classification hearing examining his current risk of sexual recidivism, where the burden would remain on the board to prove by clear and convincing evidence that his risk of sexual recidivism warrants his classification as a level three offender.  803 Code Mass. Regs. § 1.14(1) (2016).  See Doe, Sex Offender Registry Bd. No. 326573 v. Sex Offender Registry Bd., 477 Mass. 361, 367 n.7 (2017).

For these reasons, I would reverse the Superior Court judge's allowance of the board's motion to dismiss, and remand the matter to the judge with instructions that he remand it to the board for consideration consistent with our law.

---

[3] We have yet to confront a case that challenges the constitutionality of the burden placed on sex offenders seeking reclassification by this regulation.  See Doe, Sex Offender Registry Bd. No. 326573 v. Sex Offender Registry Bd., 477 Mass. 361, 367 n.7 (2017) (declining to address constitutionality of regulation).